PROVOSTY, J.
The tract of land formerly known as the Allard plantation, part of which now constitutes the City Park, was bounded on the north — that is to say, on the side towards Lake Pontchartrain — by a tract of land known as the Beugnot tract. Both tracts were bounded on the east by Bayou St. John. They fronted on this bayou, and extended back 40 acres from it between parallel lines. Both were many years ago subdivided into streets and squares. Taylor avenue was on the Beugnot tract. It ran east and west; that is to say, parallel with the north and the south boundary lines. It was 105 feet from the south (or city side) boundary line, and, of course, the same number of feet north of the north (or lake side) boundary line of the Allard tract. Along Thylor avenue is a canal, which may have been part of Gen. Butler’s scheme for the drainage of the city during the war, as it seems to have been known as “Butler’s Canal.” It has also been known as “Marigny Canal.” The 105-foot strip between Taylor avenue, or this canal, and the Allard tract, or, to be more precise, the part of it claimed by the defendant, is the property involved in this suit, a petitory action.
*690 Plaintiff traces title to the former owners. Defendant shows title to the Allard tract, and claims this strip by the prescriptions of 10 and 30 years.
This Beugnot tract was until recent years a swamp, water-covered most of the time; and the adjoining part of the Allard tract was little, if any, better. The first and only actual possession shown of either tract was by one Puissegur, who in 1886 acquired the Allard tract, and used it and also the 105-foot strip in question as a pasture for cattle. He had a fence along the south and the west sides of this pasture land, but none on the east and the north sides. On the latter sides the Bayou St. John and the Taylor Avenue Canal served as fences for holding in the cattle; the ends of the fences being projected into the water of these channels.
In 1889 his succession sold the area thus inclosed to one Larrieu, and the latter established a dairy on it; and he, after him his widow used this area as a pasture for the cattle of their dairy until November, 1903, when the widow sold the Allard tract, part of it to George G. Friedrichs.
[1] In this sale to Friedrichs the property sold is described as being bounded north (or on the lake side) by land belonging to the purchaser. Friedrichs had bought the Beugnot tract at tax sale, and was at that time claiming to be the owner of it, including, of course, this 105-foot strip. Bounded by land of the purchaser meant therefore, and could only mean, bounded by the Beugnot tract, including this 105-foot strip. Hence our saying that the sale was only of the Allard tract.
Mrs. Larrieu intended to sell the entire area, including the 105-foot strip. She so declared in an act executed some yéars later between her and Friedrichs; but, as a matter of fact, her act of sale fixed the north (or lake side) boundary line as just stated, and the sale must necessarily be so limited. From that time the only possession that was held of this strip of 105 feet was by Friedrichs ; and he held it by virtue of his tax title to the Beugnot. tract, and not as continuing the possession which Puissegur and the Larrieus had theretofore held. This is shown by his own testimony given in another case. It follows that the possession begun by Puissegur in 1886, which was thus terminated in 1903 by this sale to Friedrichs, did not last 30 years.
[2, 3] We think the sale by Puissegur to Larrieu was a sale per aversionem, with Taylor avenue as one of the boundaries; but we do not think that the possession which Puissegur and Larrieu held of this 105-foot strip was sufficiently public and unequivocal for prescription. The only sign there was of Puissegur’s or Larrieu’s possession of this 105-foot strip consisted in that the west boundary fence was projected across it to and into the Taj'lor Avenue Canal. It is true that thereby, and by the like projection of the south boundary fence to and into Bayou St. John, an inclosure was effected sufficient for holding cattle. But, in the first place, nothing shows that this canal was known to be on Taylor avenue. It did not go by that name, but by that of Butler’s Canal or Marigny Canal. The whole area was a swamp, nothing to indicate the location of Taylor avenue. In the second place, nothing shows that the projection of this fence was with any intention to possess this strip as owner, or with any other intention than thereby to avoid the necessity of making a fence along the north boundary. Even if the owners of the Beugnot tract had known of the existence of this projection, they might well have been willing to tolerate it, in a neighborly spirit, in order not to compel their neighbor to incur the useless expense of building and maintaining a fence along the north boundary line. Of course, the allowing of one’s cattle to range upon a *692 neighbor’s uninclosed adjoining tract is no sign of possession, such as is required for prescription.
In 1902 there was á barbed wire fence on the north (or lake) side of the canal. It had been there a long time, for the wire was rusty and some of the posts were rotten; but how long, or who put it there, is not shown, and hence it does not aid the prescription.
A precise description of the property in suit, according to a plan made of the Beugnot tract by Charles De l’lsle, surveyor and civil engineer, on 3d of February, 1862, which is annexed to an act of sale passed before P. E. Laresche, notary public, June 13, 1862, is as follows:
“(1) A certain portion of ground in square No. 864, measuring 640 feet front on Taylor avenue, 105 feet 7 inches and 2 lines on the road along Bayou St. John, 105 feet 7 inches and 2 lines on Esplanade, and 640 feet on the line dividing 'the same from the property purchased by George G. Friedrichs from Widow Larrieu.
“(2) A certain portion of ground in square No. $65, • measuring 300 feet on Taylor avenue, and the line dividing the same from the property purchased by George G. Friedrichs from Widow Larrieu, and 105 feet 7 inches and 2 lines on each of Esplanade and Barracks streets.
“(3) A certain portion of ground in square No. 866, measuring 300 feet on Taylor avenue and the line.separating the same from the property purchased by George G. Friedrichs from Widow Larrieu, and 105 feet 7 inches and 2 lines on each of Hospital and Barracks streets.
“(4) A certain portion of ground in square No. 867, measuring 300 feet on Taylor avenue and the line dividing the same from the property purchased by George Friedrichs from Widow Larrieu, and 105 feet 7 inches and two lines on each of Ursulines and Hospital streets.”
The judgment appealed from is set aside, and it is now ordered, adjudged, and decreed that there be judgment recognizing the plaintiff, Mrs. Marie Aimee Augustin Beugnot, as owner of an undivided one-third of the property hereinabove described, and as such entitled equally with her co-owners to the possession of said property, and condemning defendant to pay the costs of this suit.